Manzanet-Daniels, J.
(dissenting in part). I dissent, in part, because I believe defendant’s conviction of first-degree, rather than second-degree reckless endangerment was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). While defendant’s acts of throwing beer bottles *133 and a plate off the balcony of his 26th-floor hotel room were reckless, insofar as they created a grave risk of death to pedestrians and occupants of the vehicles in the street below, the state of mind required for depraved indifference requires “utter depravity, uncommon brutality and inhuman cruelty” (People v Suarez, 6 NY3d 202, 216 [2005]). As the Court of Appeals explained:
“Reflecting wickedness, evil or inhumanity, as manifested by brutal’ heinous and despicable acts, depraved indifference is embodied in conduct that is so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to render the actor as culpable as one whose conscious objective is to kill” (id. at 214 [internal quotation marks omitted]).
Defendant’s conduct reflected stupidity and drunken thoughtlessness, rather than “wickedness, evil or inhumanity,” and the throwing of bottles and plates falls short of the “brutal, heinous and despicable acts” required to establish depraved indifference.
Gonzalez, EJ., Renwick and Román, JJ., concur with Friedman, J.; Manzanet-Daniels, J., dissents in a separate opinion.
Judgment, Supreme Court, New York County, rendered February 10, 2011, affirmed.